NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| QUINCELL ADAMS, RICHARD TORO, | : <br> : <br> : |
| Plaintiffs, | : Civil No. 13-4523 (JBS) <br> : <br> : |
| v. | : <br> :     **OPINION** |
| ROSELLEN G. MUNIAK, et al., | : <br> : |
| Defendants. | : <br> : |

**APPEARANCES:**

Quincell Adams, *Pro Se*
287178D/653151
Richard Toro, *Pro Se*
311162E
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge**

    Plaintiffs, Quincell Adams and Richard Toro, confined at the South Woods State Prison, Bridgeton, New Jersey, submitted this complaint under 42 U.S.C. § 1983, alleging violations of their constitutional rights. Each Plaintiff has provided an *in forma pauperis* ("IFP") application and account statement. Based on the IFP applications, the Court will grant Plaintiffs' IFP requests

pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

The Court must now review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that Plaintiff's complaint should be dismissed, without prejudice.

## BACKGROUND

Plaintiffs state that on September 13, 2012, defendant Rosellen Muniak, the Law Librarian and defendant Sargeant M. Sheppard, employees of the South Woods State Prison, along with a John Doe defendant, violated their constitutional rights by reading and inspecting and confiscating their legal materials, writing a "bogus" disciplinary report to have legal materials confiscated, restricting Plaintiffs' access to courts by correspondence, limited use of law reference materials, "deprived the Plaintiffs his [sic] responsibility to use the service of an attorney honest[ly] and fairly," deprived them of the right to assist other prisoners, deprived them of use of photocopying services, "not informing the Plaintiffs of the rules and procedures concerning the operation of the correctional facility," and conspired under 42 U.S.C. § 1985 and

1986. (Complaint, Docket Item 1 at p. 19).

In particular, Plaintiffs state that a violation of their First Amendment rights occurred when Defendants allegedly violated New Jersey Administrative Code 10A:18-3.2. This allegation appears to be based on Defendants' statement on a disciplinary report, which said, "During a review of data on disk, . . . ." (Complt. at p. 4). Plaintiffs state that the disk contained legal materials and was confiscated.  They allege:

> The defendant has violated the Plaintiff's First Amendment Rights by confiscating the Plaintiff's legal materials. A disc that contains legal materials of legal petitions addressed to the Monmouth County Superior Courts and Camden Municipal Courts to redress of grievances. By the defendant to confiscate legal materials from the Plaintiffs, the Plaintiffs were unable to petition the courts for a redress of grievances. The Plaintiffs has [sic] outstanding warrants [in] Monmouth County Superior Courts and Camden Municipal Courts.

(*Id.*). They also allege a violation of the Fourteenth Amendment and state that Plaintiffs were "unable to work on his legal petitions for a redress of grievances that he was preparing to the courts, so that his incarceration would not restrict his liberty." (*Id.*).

Plaintiffs seek monetary relief for these alleged violations of their First Amendment rights. (Complt. at p. 21).

3

**DISCUSSION**

**1.     Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court must identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiffs are prisoners proceeding as indigents.

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which

4

provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*, *supra*).

   The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679.  *See also Twombly*, 505 U.S. at 555, & n.3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012).  "A complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

5

**2.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**3.   Plaintiffs' Claims**

The Constitution guarantees inmates a right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 346 (1996). The Supreme Court has repeatedly recognized that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate

assistance from persons trained in the law." *Lewis*, 518 U.S. at 346 (quoting *Bounds v. Smith*, 430 U.S. 817, 828 (1977) (internal quotations omitted)). This right is not, however, unlimited. Inmates may only proceed on access to court claims with respect to (1) challenges to their sentences (direct or collateral), (2) conditions of confinement cases, and (3) pending criminal charges. *See Lewis*, 518 U.S. at 354-55 (recognizing inmates' right to access courts "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement"); *Hargis v. Atl. Cnty. Justice Facility*, Civ. No. 10-1006, 2010 WL 1999303, *6 (D.N.J. May 18, 2010) (recognizing inmate's additional right to access courts "with respect to legal assistance and participation in one's own defense against pending criminal charges") (citing *May v. Sheahan*, 226 F.3d 876, 883-84 (7th Cir. 2000) and *Caldwell v. Hall*, Civ. No. 97-8069, 2000 WL 343229 (E.D. Pa. Mar. 31, 2000)).

Additionally, an inmate must show that the lack of meaningful access to the courts caused him past or imminent "actual injury". *See Lewis*, 518 U.S. at 350-52; *Oliver v. Fauver*, 118 F.3d 175, 177-78 (3d Cir. 1997); *Hargis*, 2010 WL 1999303, *6. To do this, he must identify an "arguable," "nonfrivolous" underlying cause of action, either anticipated or lost, and show that the prison's deficient program frustrated his efforts to litigate that action. *See Lewis*, at 351-53; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing

7

*Lewis*, 518 U.S. at 353 & n.3)). To satisfy the "actual injury" requirement,

> [An inmate] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable to file even a complaint.

*Lewis*, 518 U.S. at 351. Conclusory allegations that an inmate suffered prejudice will not support an access-to-courts claim. *See Arce v. Walker*, 58 F. Supp.2d 39, 44 (W.D.N.Y. 1999) (internal citations omitted).

Here, Plaintiffs' complaint is unclear as to which Plaintiff was affected by the alleged wrongdoing, and whether or not either Plaintiff suffered "actual injury." As noted above, a plaintiff's constitutional claim under § 1983 for denial of access to the courts may only proceed if the interference relates to the plaintiff's challenges to his criminal sentences (direct or collateral), a conditions of confinement claim, and/or pending criminal charges. *See Lewis*, 518 U.S. at 354–55. In this case, Plaintiffs allege that either one or both of them were subject to outstanding warrants, but do not allege that the confiscation of the disk somehow caused "actual injury" to any criminal case. Throughout the complaint, Plaintiffs toggle between use of the word "plaintiff" and "plaintiffs," making

it difficult for this Court to ascertain whether or not either or both of their claims should proceed.

Further, as to Defendants' alleged violation of New Jersey's Administrative Code, the Code cited by Plaintiffs, 10A:18-3.2, states only that outgoing legal correspondence from prisoners must be clearly marked with the inmate's name and number, that the inmate is responsible for clearly marking the mail as "legal mail" or must be addressed so as to clearly indicate that it is being sent to a legal correspondent." *N.J.A.C.* 10A:18-3.2 (Identification of outgoing legal correspondence). This Code does not infer a duty on the prison staff, but rather on the inmate. Further, Plaintiffs do not offer that the legal mail in question was clearly marked.

Consequently, Plaintiffs have neither shown actual injury nor otherwise stated a cognizable claim for relief. Therefore, the complaint will be dismissed without prejudice for failure to state a claim.[1]

---

[1] Likewise, all claims alleged by Plaintiffs in this complaint fail to state a claim, as they do not pass muster under *Iqbal*; Plaintiffs do not assert "sufficient factual matter" to show that the claims are facially plausible. Nor do they specify which claim concerns which Plaintiff and which Defendant.  Plaintiffs may revisit these claims in an amended complaint, should they decide to file one in accordance with the Order accompanying this Opinion. However, Plaintiffs are urged to respect the rules of joinder concerning federal actions.

Rule 20(a)(2) controls the permissive joinder of defendants in *pro se* prisoner actions as well as other civil actions.

## **CONCLUSION**

For the reasons stated above, Plaintiffs' complaint must be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

An appropriate Order follows.

                                   **s/ Jerome B. Simandle**
                                   JEROME B. SIMANDLE, Chief Judge
                                   United States District Court

Dated: **February 20, 2014**

---

> Persons ... may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law. or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a); *See also, e.g., Pruden v. SCI Camp Hill*, 252 Fed. App'x 436 (3d Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007).