<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| QUINCELL ADAMS, RICHARD | : | |
| TORO, | : | |
| | : | Civil No. 13-4523 (JBS) |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | **OPINION** |
| ROSELLEN G. MUNIAK, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**APPEARANCES:**

Quincell Adams, *Pro Se*
#287178D/653151
Richard Toro, *Pro Se*
#311162E/654777
South Woods State Prison
215 South Burlington Rd
Bridgeton, NJ 08302

**SIMANDLE, Chief Judge**

On February 20, 2014, this Court filed an Opinion and Order
dismissing Plaintiffs' Complaint, without prejudice, and closing
this case (Docket Items 2, 3). Plaintiffs Quincell Adams and
Richard Toro were given the opportunity to refile. On May 27,
2014, Plaintiffs filed a Motion to Amend, including a proposed
Amended Complaint (Docket Item 6) to address deficiencies as
stated in this Court's February 20, 2014 Opinion. The case was
reopened on June 5, 2014 (Docket Item 7).

This Court must now screen the Motion and proposed Amended
Complaint to determine if Plaintiffs' renewed claims should
proceed or be dismissed, pursuant to 28 U.S.C. §§
1915(e)(2)(B)(ii) and 1915A(b)(1). For the following reasons,
the Court finds that the claims shall be dismissed in part as to
claims for illegal seizure of property and interference with
Sixth Amendment rights, while the claim for interference with
access to courts will be permitted to proceed.

<u>**BACKGROUND**</u>

In Plaintiffs' original complaint, they pled the following
facts, as set forth in this Court's dismissal Opinion:

> Plaintiffs state that on September 13, 2012,
> defendant Rosellen Muniak, the Law Librarian and
> defendant Sargeant M. Sheppard, employees of the South
> Woods State Prison, along with a John Doe defendant,
> violated their constitutional rights by reading and
> inspecting and confiscating their legal materials,
> writing a "bogus" disciplinary report to have legal
> materials confiscated, restricting Plaintiffs' access
> to courts by correspondence, limited use of law
> reference materials, "deprived the Plaintiffs his
> [sic] responsibility to use the service of an attorney
> honest[ly] and fairly," deprived them of the right to
> assist other prisoners, deprived them of use of
> photocopying services, "not informing the Plaintiffs
> of the rules and procedures concerning the operation
> of the correctional facility," and conspired under 42
> U.S.C. §§ 1985 and 1986. (Complaint, Docket Item 1 at
> p. 19).

> In particular, Plaintiffs state that a violation
> of their First Amendment rights occurred when
> defendants allegedly violated New Jersey
> Administrative Code 10A:18-3.2. This allegation
> appears to be based on Defendants' statement on a

disciplinary report, which said, "During a review of data on disk, . . . ." (Complt. at p. 4). Plaintiffs state that the disk contained legal materials and was confiscated. They allege:

> The defendant has violated the Plaintiff's First Amendment Rights by confiscating the Plaintiff's legal materials. A disc that contains legal materials of legal petitions addressed to the Monmouth County Superior Courts and Camden Municipal Courts to redress of grievances. By the defendant to confiscate legal materials from the Plaintiffs, the Plaintiffs were unable to petition the courts for a redress of grievances. The Plaintiffs has [sic] outstanding warrants [in] Monmouth County Superior Courts and Camden Municipal Courts.

> (*Id.*). They also allege a violation of the Fourteenth Amendment and state that Plaintiffs were "unable to work on his legal petitions for a redress of grievances that he was preparing to the courts, so that his incarceration would not restrict his liberty." (*Id.*).

> Plaintiffs seek monetary relief for these alleged violations of their First Amendment rights. (Complt. at p. 21).

(Opinion, Docket Item 2 at pp. 2-3).

This Court dismissed the claims without prejudice, finding that Plaintiffs had not stated a claim for a constitutional violation of denial of access to courts. This Court noted: "Here, Plaintiffs' complaint is unclear as to which Plaintiff was affected by the alleged wrongdoing, and whether or not either Plaintiff suffered 'actual injury.'" (Opinion, Docket Item 2 at p. 8).

In the submission intending to cure these deficiencies, Plaintiffs state that during the pendency of their criminal charges, they worked with an inmate paralegal at the South Woods State Prison. In the course of the legal work, the inmate paralegal received a disciplinary report, and a disk with Plaintiffs' legal material was confiscated and read by Defendants Muniak (the law librarian) and Sheppard (a Sergeant). Because the disk was confiscated, it could not be sent to the courts in connection with Plaintiffs' pending criminal charges. Proof that the legal material was read is found in the inmate paralegal's discipline report, which states that the data on the disk was reviewed. (Amended Complaint, Docket Item 6-1 and Exhibit B).

Plaintiffs assert that their right to access the courts, their property rights, and their right to counsel were violated by the actions of Defendants. In response to this Court's prior Opinion ordering that Plaintiffs' Amended Complaint show "actual injury," Plaintiffs state:

> In this complaint, the plaintiffs [were] harmed by these defendants' actions by the following:
>
> A) Based on the advantage defendants and others gained by reading the plaintiffs' confiscated legal materials.
> B) These defendants used the plaintiffs' confidential legal materials as evidence for a disciplinary report for a paralegal that was assisting these plaintiffs .
> . . . .

4

C) The defendants stopped the Plaintiff from being able to assert "non frivolous claim" by the confiscation of the plaintiffs' confidential legal materials. The plaintiffs has or have outstanding pending criminal charges that they will be unable to go to camps or the ½ house with these pending criminal charges . . . .

The plaintiff has suffered arguable actionable harm when the plaintiff wished to bring their petitions before the courts, but the plaintiff stymied by the inadequacies by the defendants.

The defendants also caused the plaintiffs Intentional Infliction of Emotional Distress . . . .

(Am. Complt. at pp. 8-9).

Plaintiffs ask for monetary and other relief.

## DISCUSSION

### 1. Standards for a *Sua Sponte* Dismissal

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e) and § 1915A because Plaintiffs are prisoners and are proceeding as indigents.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678).  Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must

---

[1]   "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

allege sufficient facts in their complaints to support a claim."
*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013)
(citation omitted) (emphasis added).

**2.   Section 1983 Actions**

     A plaintiff may have a cause of action under 42 U.S.C. §
1983 for certain violations of his constitutional rights.
Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State or Territory ...
> subjects, or causes to be subjected, any citizen of the
> United States or other person within the jurisdiction
> thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in
> equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must
allege, first, the violation of a right secured by the
Constitution or laws of the United States and, second, that the
alleged deprivation was committed or caused by a person acting
under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48
(1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**3.   Plaintiffs' Proposed Amended Complaint**

     Applying the framework set forth in this Court's Opinion
filed on February 20, 2014, Plaintiffs' Amended Complaint cures
the deficiencies of the original complaint with respect to their
claim for denial of access to the courts, which may proceed, but
not with respect to their claim that the disk was improperly

seized and their claim that their Sixth Amendment rights were
violated.

    a. Denial of Access to the Courts

    First, as set forth in the February 20, 2014 Opinion,
inmates may only proceed on access to court claims with respect
to (1) challenges to their sentences (direct or collateral), (2)
conditions of confinement cases, and (3) pending criminal
charges. *See Lewis v. Casey*, 518 U.S. 343, 354–55 (1996)
(recognizing inmates' right to access courts "to attack their
sentences, directly or collaterally, and in order to challenge
the conditions of their confinement"); *Hargis v. Atl. Cnty.
Justice Facility*, Civ. No. 10–1006, 2010 WL 1999303, *6 (D.N.J.
May 18, 2010) (recognizing inmate's additional right to access
courts "with respect to legal assistance and participation in
one's own defense against pending criminal charges")(other
citations omitted). In this case, Plaintiffs' Amended Complaint
indicates that they had pending criminal charges; that the disk
contained material they needed to send to the courts regarding
their charges; that the legal materials could resolve their
cases; and that so long as the municipal court matters are
pending and unresolved they are held in a higher security
classification and are "unable to go to the camps or 1/2 house."
Because the Plaintiffs allege that the seizure of these

8

materials affects their custody status, their claim for
interference with access to the courts may proceed. Plaintiffs
will each have the burden of coming forward with admissible
evidence that proves these allegations of actual harm from
interference with access to the courts; the Court at this time
merely holds that such a claim is plausible and may proceed.

    b. <u>Improper Seizure of Property</u>

    As to Plaintiffs' claims that the disk was improperly
seized, Plaintiffs' Section 1983 claim turns on whether they had
an available post-deprivation process and remedy. *See Revel v.
Port Auth.,* 598 F.3d 128 (3d Cir. 2010). *Revel* stands for the
legal proposition that if a pre-deprivation hearing is not
required and a plaintiff fails to avail himself of the state's
constitutionally adequate post-deprivation procedures, there is
no deprivation of procedural due process rights. *See Hudson v.
Palmer*, 468 U.S. 517, 533 (1984) (finding that when a state
officer randomly and without authorization departs from
established state procedures, the state need only provide post-
deprivation procedures); *Parratt v. Taylor*, 451 U.S. 527, 543
(1981) (holding that a state tort claim (*e.g.*, replevin) was an
adequate remedy for a prisoner aggrieved by prison officials'
actions of depriving the prisoner of his property). Here,
Plaintiffs state that they were not given any confiscation

sheets when the legal disk was taken from the paralegal;
however, they also do not offer any steps they took to get the
material back, or whether or not the material was, or could, be
duplicated.

In fact, attached to the Amended Complaint is a Remedy Form
wherein Plaintiff Adams was advised to fill out the appropriate
form for Lost or Damaged Property. (Am. Complt., Exhibit D).
Plaintiffs do not submit evidence that they did so. Thus, this
Court finds that Plaintiffs have not shown that Defendants'
actions rise to the level of a constitutional violation. Their
claim for improper seizure of property without due process will
be dismissed for failure to state a claim.

c. Violation of Sixth Amendment Rights

In addition, to the extent Plaintiffs seek a declaratory
judgment that their Sixth Amendment rights were violated, *see* 28
U.S.C. § 2201 (Federal Declaratory Judgment Act), they are not
entitled to such relief. Where a state criminal prosecution has
begun before initiation of a federal declaratory judgment
action, equitable principles preclude the granting of
declaratory relief that might disrupt state criminal proceedings
except in very unusual circumstances, where the plaintiff has no
adequate remedy at law in the state criminal proceeding or where
necessary to prevent immediate irreparable injury. *See Samuels*

*v. Mackell*, 401 U.S. 66 (1971); *Younger v. Harris*, 401 U.S. 37 (1971). Again, Plaintiffs have alleged no facts that would justify the granting of declaratory relief that might interfere with their pending criminal proceedings. Their claim for violation of Sixth Amendment rights will be dismissed for failure to state a claim.

<u>CONCLUSION</u>

For the foregoing reasons and for the reasons discussed in this Court's Opinion filed February 20, 2014, Plaintiffs' Amended Complaint must be dismissed for failure to state a claim upon which relief may be granted as to alleged improper seizure of property without due process and violation of Sixth Amendment rights, while the Amended Complaint may proceed with regard to alleged denial of access to the courts. As such, Plaintiffs' Motion to Amend is granted in part (denial of access to the courts) and otherwise is denied.

An appropriate Order follows.


                                   <u>s/ Jerome B. Simandle</u>
                                   JEROME B. SIMANDLE, Chief Judge
                                   United States District Court

Dated:  **December 30, 2014**