```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| QUINCELL ADAMS, RICHARD TORO, | HONORABLE JEROME B. SIMANDLE |
| Plaintiffs, | |
| v. | Civil No. 13-04523 (JBS/AMD) |
| ROSELLEN G. MUNIAK, et al., | |
| Defendants. | **OPINION** |

APPEARANCES:

Quincell Adams
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
     PRO SE

Richard Toro
South Woods State Prison
215 South Burlington Road
Bridgeton, NJ 08302
     PRO SE

Matthew Jon Lynch
Deputy Attorney General
Office of the Attorney General of the State of New Jersey
Division of Law
25 Market Street
P.O. BOX 112
Trenton, NJ 08624
     Attorney for Defendants.

**SIMANDLE**, Chief Judge:

I.   INTRODUCTION

   This matter comes before the Court by way of Defendant Rosellen Muniak and Defendant Sargent M. Sheppard's

(collectively "Defendants") motion for summary judgment pursuant to Fed. R. Civ. P. 56(e). [Docket Item No. 53.] Plaintiffs appearing pro se have not opposed this motion. There was no oral argument. Fed. R. Civ. P. 78. For the reasons stated below, the motion is granted.

Plaintiffs Quincell Adams ("Plaintiff Adams") and Richard Toro ("Plaintiff Toro") (collectively, "Plaintiffs") allege that on September 13, 2012, Defendant Rosellen Muniak, the Law Librarian, and Defendant Sargent M. Sheppard, employees of the South Woods State Prison ("Defendants"), violated their constitutional rights by reading and inspecting and confiscating their legal materials, writing a frivolous disciplinary report in order to have legal materials confiscated, restricting their access to courts, and depriving Plaintiffs of their Sixth Amendment rights by denying them the service of an attorney. (Complaint, Docket Item 1 at p. 19.) This Court dismissed without prejudice Plaintiff's original Complaint, filed July 26, 2013, [Docket Item 1] for failure to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). [Docket Item 2.]

Plaintiffs filed an amended Complaint on May 27, 2014, alleging Defendants violated their rights under 42 U.S.C. § 1983 by (1) interfering with access to courts, (2) illegally seizing property, and (3) interfering with Sixth Amendment right to

2

counsel. [Docket Item 6.] This Court issued an Order and Opinion under 28 U.S.C. § 1915 dismissing all of Plaintiffs' claims except for their denial of access to the courts claim. Adams v. Muniak, No. 13-4523, 2014 WL 7404536, at *3 (D.N.J. Dec. 30, 2014). The Court permitted the denial of access to courts claim because Plaintiffs had sufficiently alleged "that the seizure of materials affect[ed] their custody status." Id. Discovery has been concluded and Defendants now move for summary judgment on this claim.

## II. FACTUAL BACKGROUND

Plaintiffs are both inmates incarcerated at South Woods State Prison in Bridgeton, New Jersey. (Adams Dep. 12:4-6; Toro Dep. 28:6.) Plaintiff Adams is currently serving a twelve year and nine month sentence for Conspiracy to Commit Murder. (Adams Dep. 12:4-6; 15:25-16:7.) Plaintiff Toro is currently serving a ten year sentence on four counts of Robbery in the First Degree. (Toro Dep. 28:3-5.)

### A. **Confiscation of Legal Materials**

Plaintiffs allege that during the pendency of their criminal charges, they worked with Keith Ashley-Drake, an inmate paralegal at the South Woods State Prison.[1] [Docket Item 6.] On

---

[1] It is unclear whether Ashley-Drake was actually a paralegal, but the record reflects that he was not officially working in that position at the time of the incident. (See Def. Ex. E, New Jersey Department of Corrections Disciplinary Report dated Sep.

3

September 10, 2012, Ashley-Drake filled out a form requesting to borrow a floppy disk from one of the law libraries at South Woods State Prison. (Def. Ex. D, Personal Computer Request Form executed by Keith Ashley-Drake dated Sep. 10, 2012.) The form stated that "[t]he disk is for your work only," that the "Librarian will review all material at his/her discretion," and that "[a]ny inappropriate material found will result in a charge." (Id.) Under the section of the form asking what legal work the disk was being used for, Ashley-Drake wrote "motions." (Id.) On September 13, 2012, Ashley-Drake was issued a disciplinary infraction charge for possession of another's property. (Def. Ex. E, New Jersey Department of Corrections Disciplinary Report dated Sep. 13, 2012.) As a result of this charge, the disk Ashley-Drake borrowed from the law library was confiscated. (Id.) The disciplinary report stated that Defendant Muniak, as law librarian, reviewed the data on the disk when Ashley-Drake submitted the disk for printing. (Id.) The report stated that Ashley-Drake was "not working on the paralegal detail at this time." (Id.) Neither Plaintiff Adams nor Toro were present in the law library when the disk was confiscated. (Adams Dep. 28:11-18; Toro Dep. 40:10-24.)

---

13, 2012 stating that Ashley-Drake was "not working on the paralegal detail at this time.").

Plaintiff Adams claims that the confiscated disk had legal work related to his open detainer for failure to pay a traffic fine, but he testified that he does not actually know what was on the disk. (Adams Dep. 36:15-20; 38:21-24.) Plaintiff Toro alleges that that the disk contained legal work by Ashley-Drake related to his outstanding detainers for drug and DUI offenses, but he does not recall what type of court submission Ashley-Drake was allegedly writing on his behalf. (Toro Dep. 102:20-104:2.) Toro testified that he never actually knew what was on the confiscated disk, or whether any material he alleges might have been on there would have made a difference in his custody status. (Toro Dep. at 103:7-104:14.)

**B. Plaintiff Adams' Detainers & Disposition of Warrants**

In September 2012, the time at which the disk was confiscated from Ashley-Drake, Plaintiff Adams had an outstanding bench warrant for failure to pay a traffic fine for the offense of driving without a license. (Adams Dep. 18:18-22; 19:22-25.) The bench warrant was issued by Asbury Park municipality for failure to pay a fine for driving without a license. (Adams Dep. 18:9-14; 20:1-2.)

In response to confiscation of the disk, on March 14, 2013, six months after the incident, Plaintiff Adams filed an Inmate Remedy System Form on March 14, 2013. (Adams Dep. 29:15-24, Dep. Ex. Adams-1.) The South Woods State Prison Administration

5

responded to Adams' form by advising him to fill out a Claim for Lost or Damaged Property. (Adams Dep. 34:1-12, Dep. Ex. Adams-2.) Plaintiff Adams testified that he never filed a Claim. (Id. at 34:4-12.) Plaintiff Adams took no further action to resolve his Asbury Park bench warrant. (Id. at 23:21-25.) Adams testified he had never inquired whether this bench warrant was still active. (Id. at 24:1-3.) The records indicate that the bench warrant was not issued until three months *after* the disk was confiscated, on December 13, 2012. (Def. Ex. F, New Jersey Automated Traffic System Printout.) The warrant is no longer active. (Id.)

Plaintiff Adams' custody status is currently "full minimum." (Def. Ex. H, Final Approval for Reduced Custody From dated May 12, 2015.) Adams is currently housed in a camp (Adams Dep. 24:11-14) and if he maintains his full minimum custody status, he will be eligible to live in a halfway house when he is two years away from his maximum release date. (Id. at 24:17-25.)

**C. Plaintiff Toro's Detainers & Disposition of Warrants**

At the time the disk was confiscated, September 2012, Plaintiff Toro had outstanding detainers related to pending out-of-state criminal charges on drug and DUI offenses. (Def. Ex. C, First Judicial District of Pennsylvania Court Summary for Richard Toro.) The Disposition dates for these offenses were

6

respectively March 17 and March 13, 2014. (Id.) Plaintiff Toro mistakenly claims he had a Fugitive From Justice charge pending at the time of the incident (See Toro Dep. 30:7-20). His court records show the charge was actually dismissed on April 9, 2010. (Toro Dep., Ex. Toro-1.)

Plaintiff Toro filed two inmate remedy forms in an attempt to obtain the disk that was confiscated from Ashley-Drake. (Toro Dep. 54:11-16.) In response to his second form, the prison administration sent Toro a form to file a "Claim for Lost or Damaged Property," which Toro testified to never filing. (Toro Dep. 55:25-56:3-6.) Plaintiff Toro applied for relief under the Interstate Agreement on Detainers Act ("IAD") and testified that he did not need any assistance to fill out the form because he "didn't have to do anything regarding the law or any research." (Toro Dep. 33:5-15.) Despite knowing there were inmate paralegals in the law libraries at South Woods State Prison whose job is to assist other inmates with their legal matters, Plaintiff Toro admitted that he never asked for help from any of these paralegals. (Toro Dep. 131:14-24.)

As a result of his IAD application, Toro was able to transfer to Philadelphia County jail in order to address his pending criminal charges for drug and DUI offenses. (Toro Dep. 30:21-32:8.) Plaintiff Toro stayed in the Philadelphia County jail from October 2013 to March 2014. (Toro Dep. 31:21-32:5.) In

7

March 2014, Toro pled guilty to two controlled dangerous substance offenses and two driving under the influence offenses in Philadelphia Municipal Court. (Def. Ex. C, First Judicial District of Pennsylvania Court Summary for Richard Toro.) For his drug related offenses, Toro was sentenced to six to twenty-three months with four years of probation with time served. (Id.) For his DUI pleas, Toro was sentenced to seventy-two hours to six months. (Id.)

Plaintiff Toro's current custody status is medium because he is still serving his ten year sentence on four counts of Robbery in the First Degree. (Toro Dep. 28:3-5; Def. Ex. G, South Woods State Prison Face Sheet Report for Richard Toro dated Nov. 16, 2015.) Toro began his ten year maximum and eight year five month and thirty day mandatory minimum sentence on March 26, 2010. (Id.)

**III. STANDARD OF REVIEW**

On a motion for summary judgment, the court must determine whether "there is no genuine issue as to any material fact and that the moving party is entitled to judgment of law." Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Fed. R. Civ. P. 56(c)). The party opposing summary judgment, here, Plaintiffs Adams and Toro, "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). If a

plaintiff fails to oppose the motion by evidence as required by Rule 56(e), the court "will accept as true all material facts set forth by the moving party with appropriate record support." Anchorage Assocs. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168, 175 (3d Cir. 1990) (quoting Jaroma v. Massey, 873 F.2d 17, 21 (1st Cir. 1989)). When, as in this case, a motion for summary judgment is supported by competent affidavits and documentary evidence, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). If the nonmoving party has failed to establish a triable issue of fact, summary judgment will be granted only if "appropriate" and only if movants are entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(e); see Anchorage Assocs., 922 F.2d at 175.

**IV. DISCUSSION**

For the following reasons, it is clear that Plaintiffs do not have standing to bring their claim of denial of access to courts because neither has suffered an actual injury. Therefore, the Court will dismiss their claim and grant Defendants' motion for summary judgment.

Plaintiffs allege they were denied access to the courts in violation of their First and Fourteenth Amendments when

Defendants confiscated the floppy disk from Ashley-Drake because they lost an opportunity to alter the condition of their confinements. See Lewis v. Casey, 518 U.S. 343, 354-55 (1996) (recognizing inmates' right to access courts "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement."). In sum, Plaintiffs argue that they had pending criminal charges, that the confiscated disc contained material they needed to send to the courts regarding these charges, that such legal materials could resolve their cases, and that so long as the municipal court matters were pending and unresolved, Plaintiffs were held in higher security classification. Defendants have brought this motion for summary judgment, arguing that Plaintiffs' claims should be dismissed because neither suffered an actual injury, and thus do not have the requisite standing to bring a claim in federal court. (Def. MSJ at 7.) The Court agrees with Defendants; Plaintiffs did not suffer, nor could they imminently suffer, any harm as the result of their detainers. As such, without suffering an actual injury, Plaintiffs have not met the standing requirement that all federal court plaintiffs must possess. Summary judgement is warranted.

To prove a denial of meaningful access to the courts, Plaintiffs must demonstrate (1) "'actual injury' such as the loss or rejection of a legal claim" and (2) that the lost or

10

rejected legal claim is not frivolous. Saunders v. Phila. Dist. Attorney's Office, 546 Fed. Appx. 68, 72 (3d Cir. 2013) (quoting Oliver v. Fauver, 118 F.3d 175, 177 (3d Cir. 1997), and citing Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008)); see also Ward v. Aviles, 2016 WL 1461753, at *2 (D.N.J. April 13, 2016).

Neither Plaintiff Adams nor Plaintiff Toro is able to show he suffered an actual injury as required for an access-to-the courts claim because (1) Plaintiff Adams' municipal detainer could never have prevented him from obtaining full minimum custodial status since it was only a bench warrant, and (2) Plaintiff Toro's detainers never prevented him from obtaining full minimum status because he had yet to serve half of the mandatory minimum sentence for his robbery offense. Thus, even if the disk had legal material that was relevant to Plaintiffs' ability to challenge their detainers, which nothing in the record suggests is in fact the case, Plaintiffs' conditions of confinement would not have changed. Accordingly, Plaintiffs suffered no actual harm as a result of their detainers and have no standing to bring this suit.

**A. Adams' Municipal Detainer Did Not Prevent Him From Obtaining Full Minimum Custody Status**

Plaintiff Adams' ability to change the condition of his confinement by challenging his detainers was not possible. At the time the disk was seized, in September 2012, Plaintiff Adams' detainer from the Asbury Park Municipality had not yet

been issued. (See Def. Ex. F, New Jersey Automated Traffic System Printout.) The Asbury Park bench warrant, issued as a result of Adams' unpaid fine for driving without a license, was not issued until December 13, 2013, *three months after* the disk was seized from Ashley-Drake. (Id.) Therefore, the confiscation of the disk could in no way have contained legal information related to Adams' ability to challenge his detainer, as alleged, since the detainer did not yet exist.

Regardless, even if the detainer had been issued at the time the disk was seized, the detainer would not have caused any injury to Plaintiff since a bench warrant does not impede an inmate from obtaining full minimum status. Under the Department of Corrections Regulations ("DOC"), N.J.A.C. 10A:9-4.6(m), full minimum custody status will not be affected by "[m]unicipal open charges and detainers . . . provided that they are not in the process of being increased in severity." The Regulations importantly note that "a reduction in custody status is a privilege and not a right." N.J.A.C. 10A9-4.2. Moreover, Adams currently does possess and live in the full minimum security camps. (Adams Dep. 22:24-24:14; Def. Ex. H, Final Approval for Reduced Custody Form dated May 12, 2015.) As such, Plaintiff Adams has not shown an actual injury to his custodial status and cannot assert the requisite federal court standing. See Lewis, 518 U.S. at 354.

**B. Toro's Detainers Did Not Affect His Custody Status Because He Had Yet to Serve Half of His Mandatory Minimum Sentence**

None of Plaintiff Toro's detainers were capable of affecting his condition of confinement. First, the detainer for his Fugitive from Justice Charge in Camden County had been dismissed on April 9, 2010, *two years prior* to when the disk was confiscated. (Toro Dep. at Exhibit Toro-1, "New Jersey Charge Disposition Printout.") Second, Plaintiff's pending out-of-State drug and DUI charges could not have affected his status. Regardless of any detainers, Toro would not have been eligible for full minimum status at the time the disk was confiscated because he had yet to serve half of his mandatory minimum sentence. According to N.J.A.C. 10A:9-4.6(f), an inmate who is sentenced to a mandatory minimum sentence greater than 24 months is not eligible for full minimum custody status unless he has already served half the mandatory minimum sentence. Plaintiff Toro began serving his sentence on March 26, 2010 and his mandatory minimum sentence was for eight years, five months, and thirty days. (Toro Dep at Exhibit Toro-1, "New Jersey Charge Disposition Printout.") Meaning Toro was not eligible for full minimum custody status until around June 2014, when Toro had already pled guilty to his out-of-State drug and DUI offenses. (Def. Ex. C, First Judicial District of Pennsylvania Court Summary for Richard Toro.) Thus, Plaintiff Toro has not suffered

actual harm sufficient to have standing in federal court. See Lewis, 518 U.S. at 354.

In sum, neither Plaintiff Adams nor Plaintiff Toro can reasonably claim he suffered actual injury to his confinement condition amounting to a meaningful denial of access to the courts as a result of Defendants' confiscation of Ashley-Drake's floppy disk. Summary Judgment as to Plaintiffs' Section 1983 claim is thus appropriate.

**IV. CONCLUSION**

For the reasons stated above, the Court will grant Defendants' Motion for Summary Judgment in its entirety and dismiss all of Plaintiffs' claims with prejudice. An appropriate order accompanies this Opinion.

| | |
|---|---|
| **November 21, 2016** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |